**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AVANGARDCHIK, LLC,

     Plaintiff,

v.                        CASE NO. 8:20-cv-595-TPB-TGW

PETER STURNIALO, REAL
HOLDING SERVICES, INC, and
N.J.S.N. HOLDINGS, INC.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on to be heard upon the plaintiff, Avangardchik, LLC's, Request for Entry of Default Judgment (Doc. 29). The defendants, Peter Sturnialo ("Sturnialo"), Real Holding Services, Inc., ("Real Holding") and N.J.S.N. Holdings, Inc., ("N.J.S.N.") have not filed responses in opposition to this motion. For the following reasons, I recommend that the motion be granted because the plaintiff has properly established the amounts that are owed by each defendant.

### I.

On March 13, 2020, the plaintiff, a Florida Limited Liability Company, brought suit against the defendants, an individual and two New

York corporations, alleging the following: (1) violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; (2) violation of Florida Statute § 517.301; (3) breach of fiduciary duty; (4) breach of contract; and (5) fraudulent misrepresentation (Doc. 1, p. 9–13).

These claims are based upon partnership agreements the plaintiff entered with defendants Real Holding and N.J.S.N. (id. at p. 4, ¶16). The agreements provided that the plaintiff would "purchase an equitable and financial interest" of 20–25 percent of the real estate property that was the subject of each individual agreement (id., ¶17). If the properties were sold, the plaintiff would receive 20–25 percent of the sale proceeds from each property (id.). At all times the plaintiff dealt with defendant Sturnialo, who controlled Real Holding and N.J.S.N. (id., ¶18).

The plaintiff alleges that the defendants accepted the plaintiff's investment in various properties and later sold them without informing the plaintiff or remitting its share of the proceeds (id. at pp. 7–8, ¶¶20–22). The plaintiff also alleges that the defendants accepted the plaintiff's investment in a particular property, but never actually purchased it, and instead kept the plaintiff's investment for themselves (id.). Around July 2019, defendants Sturnialo and Real Holding sent the plaintiff a letter stating that Real Holding was filing for dissolution (id. at p. 8, ¶24). The plaintiff alleges that the

defendants have not paid any of the funds it owes the plaintiff (id. at pp. 8–9, ¶¶25–27). Finally, the plaintiff alleges that neither Real Holding nor N.J.S.N. were authorized to conduct business in Florida, thus "Sturnialo is personally liable for all the actions and non-actions of said companies" (id. at p. 9, ¶28).

After initiating this lawsuit on March 13, 2020, the plaintiff properly served the defendants. Return of service for each defendant was executed on April 20, 2020 (Docs. 10, 11, 12). None of the defendants responded to the complaint, so after waiting the appropriate amount of time, the plaintiff moved for Clerk's Default against the defendants on May 12, 2020 (Doc. 14). The Clerk entered default against the defendants that same day (Docs. 15, 16, 17).

The plaintiff then moved for entry of default judgment on May 20, 2020 (Doc. 19). However, that motion was denied without prejudice because it was not supported by a memorandum of law and thus did not make a proper showing for default judgment (Doc. 21).

After the plaintiff failed to file an amended motion, the court directed it to show cause in writing on or before January 14, 2021 (Doc. 23). The plaintiff, in a timely manner, responded and informed the court that the plaintiff was subject to an automatic stay when defendant Sturnialo filed a

Chapter 7 bankruptcy petition (Doc. 24). On January 13, 2021, the court stayed this case due to the defendant's bankruptcy (Doc. 26). The case was reopened on April 9, 2021, upon the plaintiff's motion (Doc. 28). The plaintiff now moves, again, for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Doc. 29). On June 25, 2021, I held a hearing on the plaintiff's motion (Doc. 33). Counsel for the plaintiff was present, but no one appeared on behalf of any of the defendants.

## II.

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Federal Rule 55(b) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk— on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted." Fed. R. Civ. P. 55(b)(1).

However, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

4

"There must be a sufficient basis in the pleadings for the judgment entered." Id. A defendant will not be deemed to have admitted facts that are not well-pleaded or to have admitted conclusions of law. Id. In ruling on the motion for default judgment, the court must examine the defendants' liability under the causes of action alleged in the complaint.

### III.

As noted, the plaintiff alleges five causes of action in its complaint: violation of Section 10(b) and Rule 10b-5; violation of Florida Statute § 517.301; breach of fiduciary duty; breach of contract; and fraudulent misrepresentation (Doc. 1, pp. 9–13). However, the damages for all of these claims are the same, with the exception that the amount of damages for the two defendant corporations are different (Doc. 29, pp. 4–9, Doc. 29-1, pp. 3–4). At the hearing for the Plaintiff's Request for Entry of Default Judgment, plaintiff's counsel confirmed that the amount of damages do not vary depending on which claim is involved (Docs. 33, 34). Accordingly, as I pointed out, the resolution of this case would be unduly complicated by an examination of all the claims for relief, particularly since two of them involved securities violations. Consequently, I suggested—and the plaintiff agreed—that it was reasonable to focus on the breach of contract claim since that was the clearest and easiest and would make no difference

5

in the amount of damages.

To prove breach of contract claim in Florida, the plaintiff must show (1) the existence of a contract between the plaintiff and the defendant; (2) breach of that contract by the defendant; and (3) damages incurred by the plaintiff as a result of the breach. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009).

As to defendant Real Holding, the first element is satisfied, as there were seven contracts, labeled as partnership agreements, between it and the plaintiff (Doc. 29, p. 8, ¶29). The second element is also satisfied, as Real Holding breached by (1) failing to pay the plaintiff the portion of the sale of each real estate property to which it was entitled; (2) failing to give the plaintiff notice that each property was sold and therefore denying the plaintiff its right of first refusal as to each property; (3) failing to pay the plaintiff the monthly rent from each property it was entitled to under the contracts; and (4) failing to buy one of the properties where plaintiff provided a $10,000 investment to do so (id.; see also Doc. 1, p. 7). Lastly, the third element is satisfied, as the plaintiff has asserted damages from this breach, totaling $195,000.00 (Doc. 29, p. 9, ¶31). Real Holding is jointly and severally liable for this amount with defendant Sturnialo (id.).

6

As to defendant N.J.S.N., the first element is satisfied, as there were two contracts, labeled as partnership agreements, between it and the plaintiff (id. at p. 8, ¶28). The second element is also satisfied, as N.J.S.N. breached these contracts by (1) failing to pay the plaintiff the portion of the sale of each real estate property to which it was entitled; (2) failing to give the plaintiff notice that each property was sold and therefore denying the plaintiff its right of first refusal as to each property; and (3) failing to pay the plaintiff the monthly rent from each property it was entitled to under the contracts (id.). Lastly, the third element is satisfied, as the plaintiff has asserted damages from this breach, totaling $39,925.00. (id., ¶30). N.J.S.N. is jointly and severally liable for this amount with defendant Sturnialo (id.).

Finally, as to defendant Sturnialo, the plaintiff alleges that at all times material to the case, Sturnialo controlled Real Holding and N.J.S.N., and further, that plaintiff dealt only with Sturnialo in the contracts at issue (Doc. 1, p. 4, ¶18). Neither Real Holding nor N.J.S.N. were authorized to conduct business in Florida (Doc. 29, p. 9, ¶32). Therefore, Sturnialo is personally liable for the actions, and non-actions, conducted by Real Holding and N.J.S.N. (id.). Accordingly, the plaintiff is entitled to judgment as to the breach of contract claim against the defendants.

7

IV.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." <u>Miller</u> v. <u>Paradise of Port Richey, Inc.</u>, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." <u>United Artists Corp.</u> v. <u>Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979). In this case, a hearing was conducted to establish the amount of damages (Docs. 33, 34). The plaintiff seeks monetary damages, solely for the breach of contract claim, as discussed above.

In the affidavit attached to the motion, the affiant—the manager of the plaintiff LLC—represents that N.J.S.N. is "jointly and severally liable" with Sturnialo for **$39,925.00** (Doc. 29-1, p. 2, ¶9). This figure consists of missed rental payments totaling $10,925.00 and the plaintiff's share of proceeds from the sale of two properties totaling $39,925.00 (<u>id.</u>, p. 3). The affiant represents that Real Holding is "jointly and severally liable" with Sturnialo for **$195,000.00** (<u>id.</u>, ¶10). This figure consists of missed rental payments totaling $71,300.00, the plaintiff's share of proceeds from

8

the sale of seven properties totaling $123,700.00, and the plaintiff's $10,000 investment in a property the defendants never purchased (id., p. 3). Finally, the affiant represents that Sturnialo is "jointly and severally liable" for **$234,925.00** with the defendants "as outlined above" (id., at p. 4, ¶11).

Thus, the affiant requests judgments for damages in the following amounts:

> a. Peter Sturnialo: $234,925.00.
> b. Real Holding Services Inc.: $195,000.00
> c. N.J.S.N. Holdings, Inc.: $39,925.00

(id. at p. 5, ¶13). It should be noted that the plaintiff in its initial Request for Entry of Default Judgment (Doc. 19) requested entry of judgment against the defendants for costs of **$400.00** representing the filing fee (id., p. 2). The plaintiff is entitled to recover this cost under 28 U.S.C. 1920(1).

## V.

In sum, the plaintiff has demonstrated that it is entitled to damages totaling **$234,925.00**. The defendants have not challenged the sufficiency of the evidence or otherwise objected to recovery of any of these damages. Importantly, the defendants have not done so despite multiple opportunities; since the filing of the complaint on March 13, 2020, to the present date, the defendants have failed to plead or otherwise defend in this case.

9

For the foregoing reasons, I recommend that the Request for Entry of Default Judgment (Doc. 29) be granted and that a default judgment be entered against Peter Sturnialo for **$234,925.00**, against Real Holding Services, Inc. for **$195,000.00**, and against N.J.S.N. Holdings, Inc. for **$39,925.00**. Peter Sturnialo is jointly and severally liable as principal of the two entities. In addition, the plaintiff is entitled to recover from the defendants its costs of **$400**.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 3, 2021.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.   28 U.S.C. 636(b)(1)(C).   Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

10